# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br>    Plaintiff<br><br>vs<br><br>PROCTOR AND GAMBLE,<br>    Defendant. | Civil Action No. 1:09-cv-222<br>Dlott, J.<br>Black, M.J.<br><br><br><br>**ORDER** |

This action is before the Court on plaintiff's pro se motion "for a 'John Doe' lawsuit" (Doc. 1), which the Court construes as a motion for a protective order allowing plaintiff to proceed pseudonymously, and application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2).

It appears from plaintiff's affidavit that he lacks the funds to pay the costs or give security for such costs. The Court therefore **GRANTS** the motion to proceed *in forma pauperis* (Doc. 2) and hereby authorizes commencement of this action without prepayment of fees or costs.

Plaintiff's motion for a protective order allowing plaintiff to proceed pseudonymously (Doc. 1) is **GRANTED.** Generally, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). However, where a "plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings" the court may permit the plaintiff to proceed under a pseudonym. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). One consideration is whether prosecution of the suit would compel the plaintiff to disclose information "of the utmost privacy." *Id*.

Plaintiff's pro se motion is not entirely clear as to the reasons for his request to proceed

under a pseudonym. However, a careful review of plaintiff's motion in conjunction with the complaint and attachments thereto indicates that prosecution of this matter would require plaintiff to reveal information and records about his disability, information that the complaint and attachments thereto suggest is sensitive and of a personal nature. Thus, given the liberal construction to which pro se pleadings are entitled, plaintiff may proceed under the pseudonym "John Doe" at this juncture.

Plaintiff is **ORDERED** to file a complaint bearing his true name under seal within **fourteen (14) days** of the date of this Order.

Upon the filing of the complaint under seal, the Court shall order the United States Marshal to serve a copy of the complaint bearing the true name of the plaintiff on the defendant.

Absent a modification of this Order, defendant and their agents, including attorneys, shall not make public the true name of the plaintiff, and any future filing containing the plaintiff's true name shall be filed under seal. The caption of this case shall continue to reflect the plaintiff's name as "John Doe."

**IT IS SO ORDERED**.

Date: 4/13/2009                                              s/Timothy S. Black
                                                             Timothy S. Black
                                                             United States Magistrate Judge